UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **USAA SAVINGS BANK,** | § § § | **Case No.** _____ |
| **Plaintiff** | § § | |
| v. | § § | |
| **MICHAEL GOFF,** | § § § | |
| **Defendant** | § § | |

## COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD

USAA Savings Bank hereby files this Complaint and Motion to Vacate the interim Arbitration Award entered on July 7, 2023, the final award entered August 15, 2023 entered by Arbitrator Jill B. Berkley ("Arbitrator") in the proceeding of the American Arbitration Association styled *Michael Goff v. USAA Savings Bank*, cause number 01-22-0001-6175, and would respectfully show as follows:

## INTRODUCTORY STATEMENT

1. This is a proceeding to set aside the Interim Arbitration Award, the Final Arbitration Award, and the Disposition of Post-Award Review under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").

2. Section 10(a) of the FAA provides that a party to an arbitration may apply to vacate the award where the arbitrator was guilty of misbehavior resulting in prejudice to the rights of a party, or where the arbitrator exceeded the powers granted

3. Here, the Arbitrator awarded punitive damages in the Award without following the mandatory requirements for a post-award review, thereby both engaging in misbehavior prejudicing the rights of USAA Savings Bank and exceeding the authority granted to her.

1

4. The Court accordingly should vacate the award entered, pursuant to 9 U.S.C. § 10(a)(3)-(4), as it cannot stand under the FAA.

## PARTIES

5. Plaintiff, USAA Savings Bank, is a savings bank organized under the laws of Nevada with a mailing address of 773 Howard Hughes Pkwy, Las Vegas, NV 89169 and its principal place of business in San Antonio, Texas.

6. Defendant, Michael Goff, is a citizen of the state of Illinois with an address of 9225 Buckingham Ct, Huntley, Illinois, 60142.

## JURISDICTION AND VENUE

7. This action concerns vacating an arbitration award made in an arbitration proceeding occurring in Chicago, Illinois awarding $10,000 in statutory punitive damages and over $77,000 in attorneys' fees awarded under the Equal Credit Opportunity Act, 15 U.S.C. § 1691.

8. This Court has diversity jurisdiction over the dispute per 28 U.S.C. § 1332, as complete diversity exists, since the action concerns a citizen of Illinois at the time the events leading to this lawsuit occurred and today, and an entity deemed to be a citizen of Texas and Nevada at the time the events leading to this lawsuit occurred and today, and the dispute concerns an amount in excess of the $75,000 amount-in-controversy requirement, exclusive of interest and costs. The Court also has federal question jurisdiction over this action under the Federal Arbitration Act, 9 U.S.C. § 10.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in this district, and 28 U.S.C. § 1391(b)(2) because a substantial portion of events giving rise to the claim – namely, the arbitration decision – occurred in this district.

10. Further, venue is proper under 9 U.S.C. § 10, which provides that an application to vacate an arbitration award may be made in the United States court in and for the district wherein the award was made; here, the arbitration award was made in Chicago, Illinois, and accordingly,

venue to vacate the award lies in the Northern District of Illinois. The action is timely, as less than 3 months has expired since delivery of the final award. 9 U.S.C. § 12.

## GENERAL ALLEGATIONS

11. USAA Savings Bank issued a credit card to Michael Goff under a Credit Card Agreement, which contained an Arbitration Clause which stated: in part:

> **A.1 How will disputes and claims be resolved?**
> Any Covered Claim, upon election by either of us, shall be resolved by arbitration according to the terms of this Arbitration Addendum….

*Ex. 1, Arbitration Agreement.* It further specified the location of the arbitration:

> **A.10 Where will arbitration be conducted?**
> The arbitration will be conducted at a place within the federal judicial district where your physical address is located or in the federal judicial district within which a lawsuit between you and us is pending…

*Id.* The Arbitration Agreement further specified:

> **A.11 What rules and laws will apply to the arbitration proceedings?**
> The arbitrator must follow the Administrator's Arbitration Rules in effect at the time of the arbitration, unless they conflict with the terms of this Agreement. The arbitrator must (a) apply substantive law consistent with the FAA, (b) recognize and enforce all applicable statutes of limitation, and (c) honor all privileges recognized at law (including without limitation the attorney/client privilege and the attorney work product doctrine). The arbitrator's findings, reasoning, decision, and award shall be set forth in writing and must be based upon the laws governing this Agreement

*Id.* However, the Arbitration agreement put specific limitations on the power of the Arbitrator:

> **A.13 What limitations apply to the arbitrator's authority?**
> The arbitrator may award any damages or other relief permitted by applicable substantive law, including punitive damages. But the arbitrator may award punitive damages only under circumstances where a court of competent jurisdiction could award such damages. In awarding punitive damages, the arbitrator must abide by all applicable state and federal laws regarding the amount of such damages, and the arbitrator must state the precise amount of any punitive damages award. <u>Before the decision becomes final, the arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is located. Any ruling based on this post-award review must be set forth in writing with a reasoned explanation.</u>

3

*Id*. (emp. add). Thus, the agreement required a post-award review of punitive damages.

12.  USAA Savings Bank closed Goff's credit card on July 28, 2021. Goff subsequently invoked arbitration against USAA Savings Bank, claiming that USAA Savings Bank had failed to give him proper notice for the reason behind the closure under the Equal Credit Opportunity Act, 15 U.S.C. § 1691. He sought actual damages and punitive damages through the arbitration to take place in Chicago, Illinois, with Goff admitting he lived in Huntley, Illinois. *Ex. 1, Demand and Arbitration Agreement at 1* (Demand).

13.  Jill Buckley was appointed as arbitration. *Ex. 2, Appointment*. Arbitration occurred on June 6, 2023. *Ex 3, Interim Award*. On July 7, 2023, the Arbitrator entered an Interim Award, finding that Goff had suffered no injuries whatsoever from the letter sent to him by USAA Savings Bank announcing the closure of his account. *Id*. Nevertheless, she decided to award punitive damages of $10,000 to Michael Goff, and ordering briefing on attorneys' fees. *Id*. On August 15, 2023, she entered a final award of $10,000 in punitive damages and over $77,000 in attorneys' fees. *Ex. 4, Final Award*.

14.  The Arbitrator never conducted the required post-award review of her punitive damages warning – something which was supposed to automatically do before entering her final award. *See Ex. 1, Demand & Arbitration Agreement A.13*. USAA FSB filed a motion requesting the Arbitrator she perform the post-award review. *Ex. 5, Request for Post-Award Review*. On September 19, 2023, the Arbitrator refused, indicating that she felt the request for a post-award review was a request for reconsideration. *Ex. 6, Denial of Post-Award Review*.

## REASONS TO VACATE THE AWARD

**Count I – The Award Should be Vacated Under 9 U.S.C. § 10(a)(4).**

15. The Federal Arbitration Act allows an application to vacate an arbitration award when an arbitrator exceeds their authority such that no valid final award was made. 9 U.S.C. § 10(a)(4).

4

Here, the Arbitration Clause specifically and directly limited the authority of the Arbitrator to enter an award of punitive damages without conducting a post-award review. Despite the plain language of the Arbitration Agreement, the Arbitrator decided to forgo the required review of punitive damages – all so that she could enter an award against USAA Savings Bank.

16. USAA Savings Bank thus requests that the Court vacate the Arbitrator's award, because the Arbitrator exceeds the bounds of her authority by issuing a punitive damages award without conducting a post-award review and without setting forth in writing a reasoned explanation of her ruling based on the post-award review, as required by the Arbitration Agreement.

17. Moreover, the refusal of the Arbitrator to review her decision on punitive damages had ramifications beyond the punitive damages award. Specifically, if the Arbitrator had performed the post-award review correctly, she would have had to vacate the punitive award entirely. Since she also found that no actual damages occurred, she would have also needed to vacate the award of attorneys' fees. If she conducted the review as required, the result would have been no damages at all awarded against USAA Savings Bank. The Court accordingly should vacate the award.

**Count 2 – The Award Should be Vacated Under 9 U.S.C. § 10(a)(3).**

18. The Federal Arbitration Act allows an application to vacate an arbitration award when an arbitrator's misbehavior causes prejudice to the rights of a party. 9 U.S.C. § 10(a)(3). Here, the Arbitrator wrongfully refused to conduct the required post-award review of punitive damages, thereby rendering the Arbitration fundamentally unfair. The Court accordingly should vacate the award in its entirety.

18. Moreover, the refusal of the Arbitrator to review her decision on punitive damages had ramifications beyond the punitive damages award. Specifically, if the Arbitrator had performed the post-award review correctly, she would have had to vacate the punitive award entirely. Since she also found that no actual damages occurred, she would have also needed to vacate the award

of attorneys' fees. If she conducted the review as required, the result would have been no damages at all awarded against USAA Savings Bank. The Court accordingly should vacate the award.

## PRAYER

USAA Savings Bank requests that the Court vacate the Interim Award of the Arbitrator, the so-called final Award of the Arbitrator, and for all other such relief as to which USAA Savings Bank may be justly entitled.

Respectfully submitted,

*s/ David M. Krueger*
DAVID M. KRUEGER (0085072)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: dkrueger@beneschlaw.com

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP

By: _____
Theodore C. Schultz (*Pro Hac Vice* Forthcoming)
State Bar No. 00797393
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210)227-2200
Facsimile: (210) 227-4602

*Attorneys for Defendant USAA Federal Bank*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served on Alexander Darr, counsel for Michael Goff, on November 14, 2023 by electronic means (including, if available, ECF), as well as by certified mail, return receipt requested:

>Alexander Darr
>Darr Law
>1391 W 5th Ave Ste 313
>Columbus, OH 43212
>614-465-3277
>Email: alex@darr.law
>*Attorney for Defendant*

*s/ David M. Krueger*
David M. Krueger
One of the Attorneys for Defendant
