UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| USAA SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CV-15955 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MICHAEL GOFF, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

USAA Savings Bank closed Michael Goff's credit card account in 2021. R. 1-3, Arbitration Interim Award at 3.[1] After the closure, USAA sent Goff a series of three letters explaining its decision. *Id.* But the letters conflicted with each other, providing different reasons for why Goff's account was closed. *Id.* So Goff commenced arbitration under an arbitration agreement with USAA, asserting that USAA violated a federal law by failing to provide a specific statement of reasons for closing his account. *Id.* at 1–4; R. 1-2, Arbitrator Appointment.

After conducting an evidentiary hearing and reviewing the parties' briefing, the arbitrator found that USAA had violated the Equal Credit Opportunity Act. Arbitration Interim Award at 4. Although the arbitrator found that Goff failed to allege that he was actually injured by the account closure, the arbitrator awarded him $10,000 in punitive damages and around $77,000 in attorneys' fees. *Id.* at 4–5; R. 1-

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

4, Arbitration Final Award at 3. USAA then requested that the arbitrator conduct a post-award review of the punitive-damages award, claiming that the review was required by the arbitration agreement. R. 1-5, Request for Review. But the arbitrator denied the request and explained that she lacked authority to redetermine the merits of an award that had already been decided. R. 1-6, Arbitrator's Review Response. So she confirmed the previous punitive damages and attorneys' fees awards. *Id.*

USAA now moves to vacate the arbitration award, contending that the arbitrator exceeded her authority and rendered the arbitration fundamentally unfair by refusing to conduct a post-award review.[2] R. 1, Mot. to Vacate. In response, Goff moves to confirm the award, arguing that the arbitrator stayed within the authority provided by the arbitration agreement and that the proceedings were fair. R. 8, Mot. to Confirm. On review of the arguments to-and-fro, although USAA is right that the arbitrator should have conducted a post-award review, the award still drew from the essence of the arbitration agreement, and the arbitrator provided both parties with more than ample and fair process. Given the deferential standard of review, the arbitrator did not exceed her authority, and the proceedings were fundamentally fair. Goff's motion to confirm the award is thus granted, and USAA's motion to vacate the award is denied.

---

[2] The Court has jurisdiction over this case pursuant to the Federal Arbitration Act, 9 U.S.C. § 10.

2

## I. Background

Michael Goff had a credit card account with USAA Savings Bank until 2021, when USAA closed it. Arbitration Interim Award at 3. The bank then sent Goff a series of three letters to explain the closure, but the letters contained conflicting reasons. *Id.* The first said that the closure was being done "after careful evaluation" of Goff's account; the second said that Goff had failed to verify his identity after multiple attempts; and the third said that the closure was "due to [Goff's] account activity or usage with [USAA] or an affiliate." *Id.* After receiving these conflicting letters, Goff initiated arbitration under an arbitration agreement with USAA. *Id.* at 2–4; Arbitrator Appointment. He alleged that the letters violated USAA's obligations under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), to provide a specific statement of reasons (and not three conflicting ones) for closing his account. *See* Arbitration Interim Award at 3–4.

Some of the provisions of the arbitration agreement are relevant to this case. First, the agreement provides that the "arbitrator must follow the Administrator's Arbitration Rules in effect at the time of the arbitration, unless they conflict with the terms of this Agreement." R. 1-1, Arbitration Agreement at 35. The arbitrator also must "apply substantive law consistent with the FAA [Federal Arbitration Act]." *Id.* On damages, the agreement provides that the "arbitrator may award any damages or other relief permitted by applicable substantive law, including punitive damages." *Id.* But "[b]efore the decision becomes final, the arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural

3

rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is located." *Id.* at 36. "Any ruling based on this post-award review must be set forth in writing with a reasoned explanation." *Id.*

With those governing parameters in place, in 2022, after conducting an evidentiary hearing and reviewing the parties' briefing, the arbitrator issued an interim award, finding that USAA had violated the Equal Credit Opportunity Act. Arbitration Interim Award at 3–4. Though she concluded that Goff "failed to sustain his burden of proof that he suffered any damages due to the closure of his credit card account," the arbitrator nonetheless awarded Goff $10,000 in punitive damages, explaining that USAA willfully failed to give him an accurate explanation of the reasons for closing his account. *Id.* at 4–5. Then, the arbitrator issued a final award, confirming the $10,000 in punitive damages and, on top of that, awarding Goff's counsel $77,428 in attorneys' fees. Arbitration Final Award at 3. At that point, USAA filed a "Request for Required Post-Award Review," arguing that the arbitrator had failed to conduct the post-award review mandated by the arbitration agreement. Request for Review. USAA contended that this failure meant that the arbitrator's decision could not become final. *Id.* at 2. But the arbitrator rejected that request, noting that the American Arbitration Association's (AAA) rules "do not allow the arbitrator to re-determine the merits of any claim already decided." Arbitrator's Review Response. She found that the request for post-award review was in essence a request for a re-determination of the merits of the claims and concluded that she lacked the authority

to conduct that type of post-award review. *Id*. The arbitrator thus reaffirmed the awards for punitive damages and attorneys' fees. *Id*.

USAA now moves to vacate the award, asserting that the arbitrator exceeded her authority and that the proceedings were fundamentally unfair because she did not conduct a post-award review of punitive damages. Mot. to Vacate. For his part, Goff moves to confirm the award, arguing that the arbitrator remained within the authority granted by the arbitration agreement and that the proceeding was fair. Mot. to Confirm.

## II. Legal Standard

"Litigants attempting to overturn an arbitrator's award face a daunting challenge." *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Loc. 710*, 153 F.3d 774, 777 (7th Cir. 1998). Not surprisingly, the party seeking to vacate an arbitration award bears the burden of proof. *Allied Beacon Partners, Inc. v. Bosco*, 2014 WL 551712, at *3 (N.D. Ill. Feb. 12, 2014) (collecting cases). "[C]ourts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."*United Paper-workers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987). Instead, the Court may order an arbitration award vacated only where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded her powers. 9 U.S.C. § 10(a)(1)–(4). In sum, the Court's review of an arbitrator's award "is extremely

5

limited." *Yasuda Fire & Marine Ins. Co. of Eur., Ltd. v. Continental Cas. Co.*, 37 F.3d 345, 349 (7th Cir. 1994). The rationale for deference is simple: a "restrictive standard of review is necessary to preserve" the benefits of arbitration "and to prevent arbitration from becoming a preliminary step to judicial resolution." *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994) (cleaned up).[3]

### III. Analysis

USAA begins by arguing that vacating the award is necessary because the arbitrator exceeded the authority given to her by the arbitration agreement. R. 3, Mot. to Vacate Mem. at 4. USAA contends that the arbitrator was required to conduct a post-award review of punitive damages under the agreement. *Id.* at 5. On this particular point, USAA is right: the agreement requires a post-award review and the arbitrator failed to conduct it.

On damages, the agreement provides that the "arbitrator may award any damages or other relief permitted by applicable substantive law, including punitive damages." Arbitration Agreement at 35. But the agreement then sets out another procedural step: "Before the decision becomes final, the arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is located." *Id.* at 36. "Any ruling based

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

on this post-award review must be set forth in writing with a reasoned explanation." *Id.*

Here, after conducting an evidentiary hearing and reviewing the parties' briefing, the arbitrator issued an interim award that gave Goff $10,000 in punitive damages. Arbitration Interim Award at 5. Then, the arbitrator confirmed that $10,000 award in the final-award decision and also awarded Goff around $77,000 in attorneys' fees. Arbitration Final Award at 3. But this final award did not review the previous punitive damages award in detail; instead, it merely acknowledged the issuance of the interim award, and then tacked on the attorneys' fees. *See id.* The arbitrator had provided an explanation of her rationale for the punitive damages award, but that rationale was expressed only in the interim award. *See id.*; Arbitration Interim Award. There was no second review or explanation.

USAA then submitted a formal request for a post-award review. Request for Review. But the arbitrator denied that request, explaining that the AAA's rules do not allow for reconsideration of the merits of an award after it has been decided. Arbitrator's Request Response at 2. So the arbitrator concluded that she lacked the authority to conduct a post-award review that would reexamine her punitive damages decision. *Id.* That was a mistake. Yes, the AAA rules *generally* governed the arbitration procedure. But the arbitration agreement contains an exception: the arbitrator "must follow the Administrator's Arbitration Rules … *unless they conflict with terms of this Agreement.*" Arbitration Agreement at 35 (emphasis added). Because the agreement's post-award review provision conflicted with the AAA's rules, the

7

agreement should have governed on that procedural point. So the arbitrator made a mistake by not conducting a post-award review of the punitive damages award.

But that error does not warrant vacating the award. Even if an arbitrator has made a mistake in interpreting an arbitration agreement, so long as the award draws from the "essence [of] the contract," it must stand. *United Paperworkers Int'l Union, AFL-CIO*, 484 U.S. at 36. Put another way, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id*. That is the case here. Though the arbitrator erred by failing to conduct the mandated post-award review, she still issued a ruling that drew from the essence of the arbitration agreement. The agreement did, after all, authorize the arbitrator to award punitive damages if the substantive law allowed for it. Arbitration Agreement at 35–36. The Equal Credit Opportunity Act authorizes punitive damages for violations of the Act. 15 U.S.C. § 1691e(b). When viewed through the lens of deference and the essence of the arbitration agreement, the arbitrator did not exceed her authority.

Indeed, the arbitrator provided more than enough process under the agreement to USAA in the lead up to denying its request for a post-award review. Despite not receiving the second-round review, USAA had plenty of opportunities to present its arguments against punitive damages. It could have made those arguments before the interim award was issued and again before the final award was issued. But it chose to not do so, instead waiting until making the request for post-award review to detail its objections to the punitive damages award. *See* Request for Review.

8

Plus, the arbitrator provided a detailed explanation of the reasons for awarding punitive damages, explaining that USAA willfully chose not to give Goff an accurate statement of the reasons for closing his credit card. Arbitration Interim Award at 4–5. Though this explanation accompanied the interim award rather than a post-award review, by providing her rationale, the arbitrator satisfied the essence of the arbitration agreement, which required that she "set forth in writing … a reasoned explanation" for punitive damages. Arbitration Agreement at 36.

Next, the agreement stipulates that the post-award review must provide parties with "the same procedural rights" that they would have received in a judicial proceeding in Illinois. *Id.* at 36. By giving the parties a full-blown evidentiary hearing, allowing them to submit full briefing, and then providing a written explanation of the interim award, the arbitrator did provide the parties with the same important procedural rights that they would have received in an Illinois court. Arbitration Interim Award at 2–5. USAA counters that a post-award review would have required applying Seventh Circuit caselaw, which it claims would cut against awarding punitive damages. Mot. to Vacate Mem. at 6–7. But despite not specifically applying Seventh Circuit caselaw, the arbitrator did apply state and federal law in rendering her decision on punitive damages. Arbitration Interim Award at 3–5. Remember that serious errors alone do not justify vacatur of an award. So again, the arbitrator adhered to the essence of the agreement.

In support of its position that vacatur is proper, USAA repeatedly cites the Seventh Circuit's decision in *Anheuser-Busch, Inc. v. Local Union No. 744*, 280 F.3d

9

1133 (7th Cir. 2002), and argues that it is analogous to this case. R. 14, Mot. to Vacate Reply Br. at 5. It is not. In *Anheuser-Busch*, the Seventh Circuit vacated the arbitration award because the arbitrator blatantly "ignored the clear and specific language of" several *substantive* provisions of the parties' arbitration agreement and instead used the parties' past practices to arrive at the award. *Anheuser-Busch*, 280 F.3d at 1142. The Seventh Circuit went so far as to label the arbitrator's decision as "sleight of hand," concluding that he had "dispensed [his] own brand of industrial justice." *Id.* Put another way, the arbitrator there entirely displaced the governing substantive standard in the agreement. Goff's case is a far cry from *Anheuser-Busch*. Whereas that case involved an arbitrator purposefully ignoring multiple key provisions of an arbitration agreement and coming to a decision based on his personal sense of fairness, this one involves an arbitrator who has adhered to the essence of the parties' agreement, provided the parties with ample process, and came to a reasoned decision. The fact that the arbitrator committed a minor procedural error does not bring this case close to the kind of freewheeling decision-making that happened in *Anheuser-Busch*. The arbitrator here did not exceed her authority, and vacatur is not appropriate on those grounds.

Finally, USAA contends that vacating the award is proper because the arbitrator's refusal to conduct a post-award review constituted "misbehavior" and rendered the entire proceeding "fundamentally unfair." Mot. to Vacate Mem. at 8–9. This argument fails too. An arbitration is considered fundamentally unfair if the complaining party "was not given the opportunity to be heard at a meaningful time and in a

10

meaningful manner." *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1129 (7th Cir. 1997). As explained earlier, the arbitrator gave USAA more than enough process. She held an evidentiary hearing, requested and reviewed briefing from the parties, and provided a full explanation of her rationale for awarding punitive damages. Arbitration Interim Award at 3–5. And even though the arbitrator ultimately denied the request for a post-award review, she did consider and provide a written response to USAA's request. Arbitrator's Review Response. That gave USAA a meaningful chance to be heard and to have its arguments considered by the arbitrator. Once again, USAA could have presented its punitive damages arguments before the interim award was issued and again before the final award was issued. But it did not.

USAA asserts that under the arbitration agreement, the only time that it could have presented a defense to the award of punitive damages was in a post-award review. Mot. to Vacate Reply Br. at 7. Not so. The agreement merely states that the arbitrator may award punitive damages, that she must conduct a post-award review, and that she must provide a written, reasoned explanation of the punitive damages award. Arbitration Agreement at 35–36. It never specifies that the parties must wait until the post-award review to present arguments about punitive damages. USAA was free to make its arguments at any point during the proceedings. *See id.* The fact that USAA did not receive a post-award review does not undermine or negate the plentiful process that it received before that point. And the lack of a post-award review did not render the entire arbitration fundamentally unfair. Because the arbitrator did not exceed her authority and because the arbitration was fundamentally fair

11

despite the arbitrator's failure to conduct a post-award review, the motion to confirm the arbitration award is granted, and the motion to vacate is denied. The arbitration award of punitive damages and attorneys' fees is thus confirmed.

## IV. Conclusion

Goff's motion to confirm the arbitration award, R. 8, is granted. USAA's motion to vacate the award, R. 1, is denied. Final judgment shall be entered.

ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2025